UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>BONNIE FISHER; JASON CORNILLES; BURNS FUNERAL HOME,<br><br>      Defendants. | Case No. 2:15-cv-01546-APG-VCF<br><br>**ORDER DENYING DEFENDANT JASON CORNILLES' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 41) |

Plaintiff MetLife brings this interpleader action to determine the correct beneficiary for $86,000 from a life insurance policy of decedent Maria Lopez. The contestants are Lopez's mother, Bonnie Fisher, and friend, Jason Cornilles.[1] Cornilles was listed as the primary beneficiary for the 2014 plan year. Lopez changed the primary beneficiary to Fisher in October 2014, but the change did not take effect until January 1, 2015. Lopez died in December 2014. Cornilles moves for summary judgment, arguing that he was the primary beneficiary of record at the time of Lopez's death and that any further inquiry into Lopez's possible intent to change beneficiaries contravenes ERISA and the plan documents.

The plan documents do not preclude an inquiry into intent when there are serious questions as to whether Lopez intended to make her change to the beneficiary of record effective immediately. The evidence on the record raises a genuine issue of material fact on that question. I therefore deny Cornilles' motion for summary judgment.

**I.     BACKGROUND**

In 2014, Lopez was enrolled in a group life insurance policy through her employer, Newmont, that was funded by MetLife. ECF No. 1 at 2. Lopez designated Cornilles as her sole

---

[1] The parties agree Cornilles and Lopez were in a relationship at the time she died, but dispute whether they were engaged. The question is unimportant to the resolution of this motion.

1  primary beneficiary for plan year 2014.  Fisher was listed as the sole contingent beneficiary. ECF
2  No. 43 at 2.
3       On October 27, 2014, Lopez used Newmont's online software to change the beneficiary
4  designation to make Fisher the primary beneficiary and Cornilles the contingent beneficiary.
5  The parties agree that the information Lopez entered was applied to the 2015 benefit year. ECF
6  No. 42 at 2.  Newmont reported to MetLife, however, that it is uncertain whether the software
7  interface made it clear to Lopez that the change would not take effect until January 1. *See* ECF
8  No. 39-1 at 134 ("It may have been [Lopez's] intentions to update her beneficiary to be effective
9  immediately" because the software did not "have a notification clearly posted to notify the
10 employee she would only be updating the 2015 Basic Life Plan.").
11      Lopez died on December 14, 2014.

## II.   ANALYSIS

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party "has the initial burden of showing the absence of a genuine issue of material fact." *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 863 F. Supp. 1237, 1239 (D. Nev. 1994) (citations omitted).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing version of events." *Id.* (citations omitted).  Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Id.* (citations omitted).  The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Cornilles argues that ERISA requires that plan documents define who the beneficiary is, and the plan documents here direct that plan proceeds go to the "beneficiary on record."  He also argues that he was and remained the beneficiary for the 2014 plan year, and Lopez did not "substantially comply" with the necessary procedures to change the beneficiary for the 2014 plan

year. Fisher agrees that the plan documents control, but contends that the document defines "beneficiary" as any "person . . . whom [the participant] wish[es] to receive the benefits," which permits an inquiry into whether that intent was thwarted. *See* ECF No. 1-1 at 5.

The plan documents suggest that beneficiary changes will take effect immediately. They say: "You may change your beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. . . . When We receive the change, it will take effect as of the date You Signed it." *Id.* at 102. If anything, then, Lopez's default expectation under the plan document would be that her beneficiary change would take effect immediately. A Newmont representative wrote to MetLife that the software did not "have a notification clearly posted to notify the employee she would only be updating the 2015 Basic Life Plan." *See* ECF No. 39-1 at 134. The evidence is unclear as to what Lopez actually saw on Newmont's software interface when she made the beneficiary change. This information, along with circumstantial evidence that both parties offer as to Lopez's mental state at the time, could be important to resolve whether Lopez intended the change to be effective immediately.

Cornilles argues that even if Lopez's intent is relevant, she did not "substantially comply" with the required procedure for changing the 2014 beneficiary. The "substantial compliance" doctrine requires a beneficiary to "(1) evidence[] his or her intent to make the change and (2) attempt[] to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy." *Fortis Benefits Ins. Co. v. Johnson*, 966 F. Supp. 987, 990 (D. Nev. 1997), aff'd, 152 F.3d 925 (9th Cir. 1998). The main case Cornilles offers where the court found the policyholder failed to substantially comply involved clear omissions from which a court could reasonably find the policyholder did not actually intend to follow through on the change. *See Ohran v. Sierra Health and Life Ins. Co.*, 895 P.2d 1321 (Nev. 1995) (policyholder completed form, but did not date or send to employer); *cf. Fortis*, 966 F. Supp. 987 (policyholder substantially complied where he sent letter requesting change to insurer, even though he failed to return official form). There remain genuine issues of material fact as to whether Lopez intended the beneficiary change to

3

take effect immediately, as well as what a factfinder can infer from what Lopez saw on the Newmont software interface. Summary judgment is therefore inappropriate.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Jason Cornilles' motion for summary judgment **(ECF No. 41) is DENIED**.

DATED this 2nd day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4